CLEWS *et al. v.* REILLY.

(*Supreme Court, General Term, First Department.* July 9, 1889.)

1. PRINCIPAL AND AGENT—AUTHORITY OF AGENT.
    Where an agent has full authority to sell plaintiff's goods, no instructions given to him by his principals as to price can affect a purchaser, unless made known to him.

2. COMPROMISE—RESCISSION.
    On a dispute as to the amount due from defendant, the latter promised to pay $2,000 within a certain time, or whatever plaintiffs might establish that he owed them. On suit by plaintiffs, he offered to pay what with previous payments would make $2,000, which plaintiffs would not accept. *Held*, that on defendant's failure to pay within the specified time plaintiffs could rescind the agreement, and having done so, and sued for the full amount demanded, they could claim nothing through the settlement.

3. EVIDENCE—COMPETENCY.
    Evidence of offers to purchase all the screenings of plaintiffs' business for a year is not competent to show the market price of screenings at any particular time.

Appeal from circuit court, New York county.

Henry Clews and others sued Cornelius Reilly to recover for certain screenings sold. Judgment for defendant, and plaintiffs appeal.

Argued before VAN BRUNT, P. J., and CULLEN, J.

*Royal S. Crane,* for appellants. *Charles J. Patterson,* for respondent.

CULLEN, J. This action is to recover the value of certain screenings sold and delivered to the defendant. The complaint alleged that defendant conspired with plaintiffs' agent, one De Betts. to obtain possession of such screenings at less than the market price, and that on the discovery of the fraud the defendant agreed to pay plaintiffs the market price, and that the balance of such amount due plaintiffs was the sum of $1,295.53. The referee before whom the cause was tried found for the defendant, and from the judgment entered upon his report this appeal is taken. The evidence clearly established.

that defendant had paid plaintiffs in full for the screenings according to the weights and prices rendered by plaintiffs' agent, De Betts. De Betts was the head of the grain department of plaintiffs' business, and had full authority to sell the screenings. The plaintiffs contend that De Betts' power was limited to a sale at the market price. But, as it appears that De Betts was the plaintiffs' general agent as to the sale of grain, it is plain that no instructions given him by his principals as to price could affect the defendant, unless made known to him. *Pechner* v. *Insurance Co.*, 65 N. Y. 195. Both defendant and De Betts testify to the prices at which the screenings were sold to the defendant. Hence, in the absence of fraud, the act of De Betts concluded the plaintiffs. As to fraud, there was no testimony given which would have justified any such finding. One of the plaintiffs testifies that, when the dispute occurred between plaintiffs and defendant as to these transactions, the defendant promised to pay $2,000 within a specified time in settlement of the claim, or, in default thereof, he would pay whatever the plaintiffs might establish that he owed them. Upon the commencement of this suit defendant offered to pay a sum which, with the previous payments, would amount to $2,000, but the plaintiffs declined to accept it, and insisted upon their full demand. It is insisted that the referee should have ordered judgment in favor of the plaintiffs for at least the amount which defendant had offered. Assuming that the dispute between the parties afforded a good consideration for the settlement and for the defendant's promise to pay a stipulated sum, it appears that the agreement was only a qualified one. It was to pay within a definite time. The defendant's default would not operate to relieve him from liability, but it enabled the plaintiffs to repudiate the settlement. This they elected to do, as was their right. But after having rescinded the compromise they can claim nothing by virtue of the settlement, but the parties were remitted to their original rights. But one exception to the rulings of the referee upon the evidence requires discussion. Two witnesses, after having testified to the market value of screenings, were asked if they had made offers to De Betts to purchase the screenings. This testimony was excluded. No doubt *bona fide* offers to buy are competent evidence to prove value. But an examination of the case shows that the offers excluded were not to buy any particular lot of screenings, but for an exclusive contract to take all the screenings in the plaintiffs' business for a whole year. Such an offer would not show the market price of screenings at any particular time. We think no error was committed, and that the judgment appealed from should be affirmed, with costs.

VAN BRUNT, P. J., concurs.